UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOTA ALMANZA-LUMPKIN,

        Plaintiff,

  -v-                                             2:18-cv-13788-DML-MKM   -
                                                        Hon. David M. Lawson

DETROIT EDUCATIONAL TELEVISION
FOUNDATION, a Michigan Nonprofit
Corporation, d/b/a WTVS/DPTV,
DETROIT PUBLIC TELEVISION, and
CHANNEL 56,

        Defendant.
_____/
LAW OFFICES OF CHUI KAREGA
BY: CHUI KAREGA (P27059)
Attorney for Plaintiff
P.O. Box 31-2083
Detroit, Michigan 48231-2083
(313) 864-0663
---------------------------/

# FIRST AMENDED COMPLAINT

      NOW COMES Plaintiff, by and through attorney CHUI KAREGA (P27059), as a First Amended Complaint against the Defendant, states as follows:

## JURISDICTION AND VENUE

      1.    Original jurisdiction of this Court is proper pursuant to 28 U.S.C. 1343 (a)(4) and 42 U.S.C. 3613.

      2.    Supplemental jurisdiction over the state claims is proper in this court pursuant to 28 U.S.C. 1367(a).

      3.    Venue lies within the Eastern District of Michigan pursuant to 28 U.S.C. 1391(b).

4a. On or about the 28th day of September, 2017, Carlota Almanza-Lumpkin (herein sometimes referred to as "Plaintiff") filed a charge of unlawful discrimination with the United States Equal Employment Opportunity Commission and the Michigan Department of Civil Rights (herein called "the Administrative Agencies") alleging unlawful discrimination against Plaintiff by defendant.

4b. On or about the 11th day of September, 2018, processing of the charges of discrimination described in paragraph 4a, above, was concluded.

4c. In the concluding of the processing by the Administrative Agencies, this court was granted jurisdiction pursuant to 42 U.S.C. 2000e, et seq, 29 U.S.C. 621, et seq.

4d. Plaintiff has filed this action within ninety (90) days of the conclusion of the processing of Plaintiff's charge of unlawful discrimination as described in paragraphs 4a, above, as required by law.

## **THE PARTIES**

5a. At all times material upon information and belief, Defendant Detroit Educational Television Foundation has been a corporation organized under and existing by virtue of the laws of the state of Michigan doing business as Channel 56, WTVS/DPTV and DETROIT PUBLIC TV, in addition to other names, has represented itself as a quasi-public institution of public broadcasting located in the state of Michigan, and this judicial district.

5b. At times material to these proceedings, Steve Antoniotti was in the position of President and General Manager of defendant.

5c. At times material to these proceedings Ritschard P. Homberg has been in the position of President and General Manager of defendant.

5d.     At all times material to these proceedings, John Mark has served as Vice-President Engineering of defendant WTVS/DPTV, and the immediate supervisor of Plaintiff during Fiscal Year 2017.

6a. On or about June, 1983 Carlota Almanza-Lumpkin, hereinafter referred to as "Plaintiff" was first employed with defendant.

6b.     Plaintiff has been employed with defendant in the following positions since June, 1983:

- Intern
- Production Assistant
- Corporate Legal Affairs Coordinator
- Department Coordinator, Associate Producer
- Operations Manager Production
- Production Manager, Managing Producer

7.      Plaintiff, at all times material, was qualified and available for employment with defendant in each capacity she was employed described in paragraph 6b, above.

## FACTUAL ALLEGATIONS

8.      At all times material to these proceedings, Plaintiff was employed with defendant, as a Manager of Production through July 18, 2017.

9a. During or about the period commencing during or about calendar year 2007 through the conclusion of employment of Plaintiff, defendant, through its various administrative officials, including, but not limited to Rich Homberg and John Mark, among

others not named at this time, engaged in an aggressive and pervasive effort to undo racial diversity of the WTVS/DPTV employment staff.

9b. During or about the period commencing during or about calendar year 2007 through the conclusion of employment of Plaintiff, defendant, through its various administrative officials, including, but not limited to Ritschard Homberg and John Mark, among others not named at this time, engaged in an aggressive and pervasive effort to adversely impact the employment of senior staff of defendant.

10. The conduct of defendant WTVS/DPTV, through its agents, described in paragraphs 9a, 9b, and 11, was done without cause or justification.

11. At all times material to these proceedings, the conduct of defendant described in preceding paragraphs, not limited to:

   a. Limiting training and opportunities for African American and Hispanic persons;
   b. Limiting opportunities for persons over the age of forty (40);
   c. disproportionately subjecting African Americans and Hispanics to separation from the employment of defendant;
   e. disproportionately subjecting persons over the age of forty (40) years to separation from the employment of defendant; and
   f. taking into account ethnicity, race and age in the making of employment decisions;
   g. taking into account the age of personnel in the making of employment decisions; and
   h. among other improper actions.

12. Commencing about October, 2015 and continuing throughout her employment with defendant, Plaintiff complained to officials of defendant regarding the occurrences summarized in paragraph 11, and its subparagraphs, above.

-4-

13. On or about the 18th day of July, 2017, Plaintiff's employment with defendant was discontinued.

14. At the time of her separation from the employment of defendant, Plaintiff was sixty-two (62) years of age, and of African American and Hispanic ancestry.

15. Plaintiff, at the time of her separation from the employment of defendant, was qualified and available for employment in numerous positions and capacity with defendant.

## COUNT I

## RACIAL AND AGE DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS OF PLAINTIFF

16. Plaintiff realleges paragraphs 1 through 15, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

17. Pursuant to terms of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e, et seq, as amended and 29 U.S.C. 621, et seq; defendant, were obligated to refrain from discriminating against persons on account of race and/or age in terms of wages, hours, or other terms or conditions of employment.

18. Pursuant to terms of the Michigan Elliott-Larsen Civil Rights Act 37,2101, et seq, as amended 29 U.S.C. 621, et seq; defendants were obligated to refrain from discriminating against persons on account of race and/or age in terms of wages, hours, or other terms or conditions of employment.

19. In effectuating the separation of employment of Plaintiff as described in paragraph 13, above; and with regard to the denial of continued employment of defendant in any number of available positions for which Plaintiff was educated, trained, and

qualified, defendant took into consideration the ethnicity, race and age of Plaintiff.

20. Notwithstanding the separation of Plaintiff from its employment, as described in paragraph 13, above defendant continued and maintained the employment

21. The conduct of defendants, and each of them, described in paragraphs 9a through 15, inclusive constitutes violation(s) of 29 U.S.C. 621, et seq; Title VII of the Civil Rights Act described in paragraph 17, above, and the Elliott Larsen Civil Rights Act

22. As a direct and proximate result of the conduct of each defendant described above, Plaintiff suffered the indignity of discrimination; loss of professional opportunities; and loss of wages, wage earning capacity, benefits of employment, and other conditions of employment.

23. As a further direct and proximate result of the discrimination against Plaintiff described above, Plaintiff has also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually and collectively, for compensatory damages in such sum which is fair and just and in excess of EIGHT HUNDRED EIGHTY FIVE THOUSAND ($885,000.00) DOLLARS along with exemplary or punitive damages the taxable cost, interest thereon and attorneys fees.

## COUNT III

## VIOLATION OF THE CIVIL RIGHTS ACTS OF 1866 and 1870

24. Plaintiff realleges paragraphs 1 through 23, above, as though set forth herein, word by word, sentence by sentence, and paragraph by paragraph.

25. Pursuant to the Civil Rights Acts of 1866 and 1870, as amended, defendant, was obligated to avoid interfering with the right of all persons to contract for employment the same as white person(s).

26. At all times material to these proceedings, defendants, and each of them, have interfered with the rights and privileges of Plaintiff to continue employment with defendant as described in paragraphs, above, the same as white person(s).

27. As a direct and proximate result of the conduct of each defendant described above, Plaintiff suffered the indignity of discrimination in connection with her employment experience at defendant, and the termination of same employment arrangement.

28. As a further direct and proximate result of the discrimination described above, Plaintiff has lost professional opportunities; also suffered mental anguish, mental shock, humiliation and embarrassment and the loss of enjoyment of some of the ordinary pleasures of life.

WHEREFORE, Plaintiff demands judgment against the Defendants in such sum which is fair and just and in excess of EIGHT HUNDRED EIGHTY FIVE THOUSAND ($885,000.00) DOLLARS along with the taxable cost, interest thereon and attorneys fees.

LAW OFFICES OF CHUI KAREGA

   /s/   Chui  Karega
BY: CHUI KAREGA (P27059)
Attorney for Plaintiff
P.O. Box 31-2083
Detroit, Michigan 48231-2083
(313) 864-0663
email: ck27059@msn.com

Dated: December 10, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOTA ALMANZA-LUMPKIN,

       Plaintiff,

  -v-                                              2:18-cv-13788-DML-MKM    -
                                                    Hon. David M. Lawson

DETROIT EDUCATIONAL TELEVISION
FOUNDATION, a Michigan Nonprofit
Corporation, d/b/a WTVS/DPTV,
DETROIT PUBLIC TELEVISION, and
CHANNEL 56,

       Defendant.
_____/
LAW OFFICES OF CHUI KAREGA
BY: CHUI KAREGA (P27059)
Attorney for Plaintiff
P.O. Box 31-2083
Detroit, Michigan 48231-2083
(313) 864-0663
---------------------------/

## **JURY DEMAND**

**NOW COMES** Plaintiff, by counsel, and hereby demands  trial by jury on all issues in this matter.

                                                                        LAW OFFICES OF CHUI KAREGA

                                                                        /s/   Chui  Karega
                                                                    BY: CHUI KAREGA (P27059)
                                                                    Attorney for Plaintiff
                                                                    P.O. Box 31-2083
                                                                    Detroit, Michigan 48231-2083
Dated:  December 10, 2018                    (313) 864-0663
                                                                    email: ck27059@msn.com