UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CARLOTA ALMANZA-LUMPKIN,**

Plaintiff

Case No. 2:18-cv-13788-DML-MKM

vs.

Hon. David M. Lawson

**DETROIT EDUCATIONAL TELEVISION FOUNDATION, a Michigan Nonprofit Corporation, d/b/a WTVS/DPTV, DETROIT PUBLIC TELEVISION, and CHANNEL 56,**

Mag.: Mona K. Majzoub

Defendant

---

| | |
|---|---|
| LAW OFFICES OF CHUI KAREGA<br>Chui Karega (P27059)<br>P.O. Box 31-2083<br>Detroit, Michigan 48231-2083<br>(313) 864-0663<br>e-Mail:  ck27059@msn.com<br>*Attorney for Plaintiff* | CLARK HILL PLC<br>William A. Moore (P29780)<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI  48226<br>(313) 965-8674<br>Email: wmoore@clarkhill.com<br>*Attorney for Defendant* |

---

## <u>ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT</u>

NOW COMES Defendant herein, DETROIT EDUCATIONAL TELEVISION FOUNDATION (d/b/a Detroit Public TV, WTVS/DPTV, Channel 56 and Detroit PBS), by and through its attorneys CLARK HILL PLC and in answer to the First Amended Complaint in this matter, states as follows:

1

## JURISDICTION AND VENUE

1.     In answer to Paragraph 1, Defendant submits that no answer is necessary as the same contains only legal conclusions.

2.     In answer to Paragraph 2, Defendant submits that no answer is necessary as the same contains only legal conclusions.

3.     In answer to Paragraph 3, Defendant submits that no answer is necessary as the same contains only legal conclusions.

4a.    In answer to Paragraph 4a, Defendant admits a Charge was filed with the EEOC.  Except as stated, Defendant lacks sufficient knowledge to form a belief about the truth of the allegations and leaves Plaintiffs to her proofs.

4b.    In answer to Paragraph 4b, Defendant admits the allegations. Defendant further affirmatively states that the Charge was dismissed for the lack of evidence to support a finding of any illegal actions on the part of Defendant.

4c.    In answer to Paragraph 4c, Defendant submits that no answer is necessary as the same contains only legal conclusions.

4d.    In answer to Paragraph 4d, Defendant admits only that the original Complaint in this matter was filed within ninety days of the dismissal of the EEOC Charge.

2

## THE PARTIES

5a.  In answer to Paragraph 5a, Defendant admits it is a non-profit corporation established under the laws of the State of Michigan, engaged in public broadcasting and doing business as Detroit Public TV, WTVS/DPTV, Channel 56 and Detroit PBS.  Except as stated, Defendant denies the remaining allegations as untrue.

5b.  In answer to Paragraph 5b, Defendant admits the allegations.

5c.  In answer to Paragraph 5c, Defendant admits that Mr. Homberg is currently the President & CEO of Defendant.  Except as stated, Defendant denies the remaining allegations as untrue.

5d.  In answer to Paragraph 5d, Defendant admits that Mr. Mark is currently Vice President, Engineering and Technical Operations and was Plaintiff's immediate supervisor during the specified fiscal year.  Except as stated, Defendant denies the remaining allegations as untrue.

6a.  In answer to Paragraph 6a, Defendant, upon information and belief, admits the allegations.

6b.  In answer to Paragraph 6b, Defendant denies as inaccurate and untrue the list of titles and the chronology of positions.

7.  In answer to Paragraph 7, Defendant denies the allegations as untrue.

3

## FACTUAL ALLEGATIONS

8.　　In answer to Paragraph 8, Defendant admits only that from October 18, 2015 through July 18, 2017, Plaintiff was employed as Manager, Production Services. Except as stated, Defendant denies the remaining allegations as untrue.

9.　　In answer to Paragraph 9a, Defendant denies the allegations as untrue.

9b.　　In answer to Paragraph 9b, Defendant denies the allegations as untrue.

10.　　In answer to Paragraph 10, Defendant denies the allegations as untrue.

11.　　In answer to Paragraph 11, Defendant denies each and every allegation for the reason that the same is untrue.

12.　　In answer to Paragraph 12, Defendant admits that Plaintiff submitted a written Complaint on or about October, 2015. That document speaks for itself. Except as stated, Defendant denies the remaining allegations as untrue.

13.　　In answer to Paragraph 13, Defendant admits that Plaintiff was one of five employees permanently laid off on the specified date due to the elimination of positions in connection with a reduction in force instituted for legitimate business reasons. Defendant further affirmatively states that all of the laid off employees, including Plaintiff, were offered a generous severance package.

14.　　In answer to Paragraph 14, Defendant, upon information and belief, admits the allegations.

4

15. In answer to Paragraph 15, Defendant denies the allegations as untrue. Defendant further affirmatively states that the only other available positions which Plaintiff may have been qualified to perform would result in a demotion and Plaintiff expressed no interest in that option.

## COUNT I

### ALLEGED RACIAL AND AGE DISCRIMINATION VIOLATION OF THE CIVIL RIGHTS OF PLAINTIFF

16. In answer to Paragraph 16, Defendant repeats, reiterates and realleges all previous answers as if the same were fully set forth herein, at length.

17. In answer to Paragraph 17, Defendant submits that no answer is necessary as the same contains only legal conclusions.

18. In answer to Paragraph 18, Defendant submits that no answer is necessary as the same contains only legal conclusions.

19. In answer to Paragraph 19, Defendant denies the allegations as untrue. Defendant further affirmatively states that the only other available positions which Plaintiff may have been qualified to perform would result in a demotion, and Plaintiff expressed no interest in that option.

20. In answer to Paragraph 20, to the extent the paragraph contains a factual allegation, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation and leaves Plaintiff to her proofs.

21.    In answer to Paragraph 21, Defendant submits that no answer is necessary as the same contains only legal conclusions.

22.    In answer to Paragraph 22, Defendant denies the allegations as untrue.

23.    In answer to Paragraph 23, Defendant denies the allegations as untrue.

## COUNT III (sic)

## VIOLATION OF THE CIVIL RIGHTS ACTS OF 1866 AND 1870

24.    In answer to Paragraph 24, Defendant repeats, reiterates and realleges all previous answers as if the same were fully set forth herein, at length.

25.    In answer to Paragraph 25, Defendant submits that no answer is necessary as the same contains only legal conclusions.

26.    In answer to Paragraph 26, Defendant denies the allegations as untrue.

27.    In answer to Paragraph 27, Defendant denies the allegations as untrue.

28.    In answer to Paragraph 28, Defendant denies the allegations as untrue.

## AFFIRMATIVE OR SPECIAL DEFENSES

NOW    COMES    Defendant    herein,    DETROIT    EDUCATIONAL TELEVISION FOUNDATION, by and through its attorneys CLARK HILL PLC and for its Special and Affirmative Defenses in this matter, states as follows:

1.    Plaintiff fails to state a valid cause of action, in whole or in part, against this Defendant upon which relief may be granted under the specified Acts or at common law.

6

2.     At all times relevant to this case, Plaintiff was an at-will employee whose employment could be terminated at any time with or without notice and with or without cause or reason.

3.     At all times relevant to this case, Defendant acted reasonably and legally with respect to Plaintiff and had legitimate business reasons for any and all employment decisions about which Plaintiff may now complain.

4.     Upon information and belief, the claims of Plaintiff are barred, in whole or in part, by her failure to mitigate or minimize the alleged damages.

5.     Upon information and belief, any alleged damages, if any, of Plaintiff are subject to appropriate set-offs.

6.     The claims of Plaintiff are barred due to the expiration of the applicable and binding time period for the filing of any claim against Defendant arising out of the employment relationship.

7.     Defendant denies all allegations not expressly admitted.

8.     Defendant reserves the right to add such other and further special and affirmative defenses that may become known through the course of discovery, trial or otherwise.

WHEREFORE Defendant, DETROIT EDUCATIONAL TELEVISION FOUNDATION prays that Plaintiff's First Amended Complaint be dismissed in its entirety with prejudice, together with an award of costs, attorney fees, expenses

and such other and further relief in favor of Defendant as this court deems to be just and appropriate.

Respectfully submitted,

Clark Hill PLC

By: /s/William A. Moore

William A. Moore (P29780)
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
(313) 965-8674
Email: wmoore@clarkhill.com
*Attorney for Defendant*

Dated: January 11, 2019

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on January 11, 2019, via:

_____ U.S. Mail          _____ Facsimile

\_\_X\_\_\_ ECF Filing          _____ Hand Delivery

\_\_X\_\_\_ E-Mail to Attorney     _____ Federal Express
Chui Karega - *ck27059@msn.com*


/s/Stephen A. Holmes_____
Stephen A. Holmes