UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOTA ALMANZA-LUMPKIN,

       Plaintiff,

  -v-                    Case No. 2:18-cv-13788-DML-KJM
                              Hon. Daniel M. Lawson
                              Magistrate Judge: Mona J. Majzoub

DETROIT EDUCATIONAL TELEVISION
FOUNDATION.,

       Defendant.
_____/

| LAW OFFICES OF CHUI KAREGA | CLARK HILL, PLC |
|---|---|
| BY: CHUI KAREGA (P27059) | BY: WILLIAM A. MOORE (P29780) |
| Attorney for Plaintiff | 500 Woodward Avenue |
| 19771 James Couzens Highway | Suite 3500 |
| Detroit, Michigan 48235-1937 | Detroit, Michigan 48226 |
| (313) 864-0663 | (313) 965-8674 |
| ck27059@msn.com | wmoore@clarkhill.com |

# <u>JOINT PROPOSED DISCOVERY PLAN</u>

Submitted by:

LAW OFFICES OF CHUI KAREGA
BY: CHUI KAREGA (P27059)
Attorney for Plaintiff
19771 James Couzens Highway
Detroit, Michigan 48235-1937
   (313) 864-0663
ck27059@msn.com

CLARK HILL, PLC
BY: WILLIAM A. MOORE (P29780)
500 Woodward Avenue
Suite 3500
Detroit, Michigan 48226
(313) 965-8674
wmoore@clarkhill.com

## BACKGROUND OF THE ACTION

This case is an employment discrimination action involving a thirty-four (34) years former employee of defendant.   She worked in multiple positions including senior corporation positions, and senior production and managing positions.   She was involuntarily separated from employment on or about July 18, 2017.

The First Amended Complaint allegations include age discrimination, racial and ethnic limitation of opportunities, wage disparity, and discharge in violation of federal and Michigan law.

Plaintiff relies upon federal and state anti-discrimination statutes and the common law in support of her action.  She seeks damages for wage and employment loss, loss of earning capacity, the indignity of discrimination, mental anguish, and humiliation and similar damages.

## Defendant's Summary of Case Facts and Legal Positions

The Defendant "DPTV" (or the "Station") is a Michigan not-for-profit corporation holding a non-commercial television broadcast license in Detroit.  The Station is a viewer-supported Public Broadcasting Service member station serving the nation's 11th largest television market since 1955.  The Station has always served as a non-commercial, educational station with a solid record of serving the community and diversity with respect to hiring and employee retention.

-1-

The Plaintiff is a long term employee who self-identifies as an African-American woman claiming a Hispanic national origin.  For the past several years, she has served in the production department with a title of Manager, Production.  Despite the title, she did not produce, direct or edit any television content for any DPTV shows.   Her duties were more administrative in nature and her chief function was to manage, coordinate and schedule the physical studio facilities at the Station.  This was not a management position *per se*, but due in part to her years of service, she was listed with other middle managers.

A large portion of funding for DPTV comes from private donations.  Over the years, given the uncertainty of funding sources, several PBS stations across the country have gone out of business including one in Flint, Michigan.  In addition, production efforts and business of the Station from outside vendors (producing shows) and the rental of the Station's production facilities and equipment has essentially disappeared.  These are just some of the circumstances that have caused a financial need for the reduction of costs.   Numerous cost saving measures have been implemented by the Station.  Among these, effective July 17, 2017, five

-2-

jobs were eliminated, the employees in those positions were permanently laid off and offered a generous severance package. Plaintiff was one of those included in the layoff. Plaintiff rejected the offer.

An EEOC Charge was filed by Plaintiff in September of 2017. Following an unsuccessful attempt at mediation, the EEOC submitted a Notice of Dismissal, with a 90 day right to sue letter on September 11, 2018. This lawsuit followed alleging race (and national origin) discrimination, age discrimination and retaliation.

It is submitted the Employer had legitimate business reasons for the reduction in force and at no time did the Station discriminate or retaliate against Plaintiff in any way. The Plaintiff's claims are also barred by a statute of limitations period set forth in the Employee Handbook.

## SUBJECT MATTER JURISDICTION

This case is an employment discrimination case setting forth claims of violations of federal and Michigan statutes. The matter is subject to the jurisdiction of this court pursuant to 28 U.S.C. 1343 (a)(4) and 42 U.S.C. 3613, and 28 U.S.C. 1367(a).

## ADMENDMENTS TO PLEADINGS

The parties presently do not anticipate amendment of the pleadings, at this time.

-3-

## ADMISSIONS OF FACT AND STIPULATION

1.     Plaintiff was employed by defendant during the period June, 1983 through on or about July 18, 2017;

2.     Plaintiff's employment with Defendant was involuntarily terminated.

## DISCOVERY/DEPOSITIONS

Following the exchange of written discovery, Plaintiff may find it necessary to take the deposition of any of the following former employees or officials of defendant, and perhaps others:

| | |
|---|---|
| Antoniotti, Steve | Banach, Ken |
| Bliss, Diane | Forster, Jeff |
| Homberg, Ritschard | Mark, John |
| Moran-Serridge, Nicole | Nahhat, Fred |
| Nandi, Dr. Partha | Nandi, Kali |
| Nichols, Mary | Ovshinsky, Harvey |
| Pace, Bill | Rossbach, Robert |
| Walters, Jamie | Westrick, Jamie |

Defendant anticipates conducting discovery on all relevant facts and claims within relevant time frames.  Defendant will need to depose the Plaintiff, her family and other identified witnesses.  Defendant will also need to secure detailed medical records for Plaintiff as she alleges mental shock and other medical damages as a result of her termination.

## Anticipated Discovery Disputes.

Plaintiff has identified many current and former DPTV employees as persons with information relevant to her claims.  Defendant will submit a proposed Protective Order to apply to the production of any business or

personal records as to such employees and the Station.   Defendant contemplates a Motion for Summary Judgment with respect to some counts of the Complaint.   Any settlement must cover all of Plaintiff's State and Federal law claims.

No deposition is expected to exceed seven (7) hours.

## Insurance

The Defendant does maintain an EPLI insurance policy which is available and expected to satisfy all or part of a judgment which may be rendered in this matter.

## DOCUMENTS, COMPILATIONS, and TANGILBE THINGS

The parties do not anticipate any issue relating to preserving discoverable information or materials; including, but not limited to electronic discovery.

## PRIVILEGE/TRIAL PREPARATION MATERIALS

None identified to date.

## INTERROGATORIES

The parties propose to submit interrogatories and documents request during discovery.  When subparts are included interrogatories will not number in excess of twenty-five (25).

-5-

## EXPERT TESTIMONY

Experts may be determined to be necessary in this matter; including, but not limited to State of Michigan and EEOC personnel.   Plaintiff anticipates utilizes the testimony of treating psychologist, Firoza B. Van Horn, Psy.D., and an actuary or other similar expert for economic damages computation.

## PROPOSED MANAGEMENT PLAN

Initial Rule 26 disclosures will be exchanged by the parties within 21 days of the scheduling conference.

The parties agree to the following performance dates:

| | |
|---|---|
| Lay Witness List | May        7, 2019 |
| Expert Witness List | June       7, 2019 |
| Discovery Cut-off | September 30, 2019 |
| Summary Judgment | Set by the Court |
| Case Evaluation | No stipulation |
| Final Pre-trial | Set by the Court |
| Trial Date | Set by the Court |

## STATE COURT CASE EVALUATION

The Plaintiff will not consent to the imposition of costs and sanctions if the case is referred to state court case evaluation under the authority of LR 16.3.   Defendant supports the matter be calendared for case evaluation following the close of discovery under the provisions of Michigan Court Rule 2.403 which shall apply in all regards.

## ADMINISTRATIVE PROCEEDINGS

A Charge of Discrimination was filed with the U.S. Equal Employment Opportunity Commission; which is no longer pending.

-6-

## **RESOLUTION POSSIBILITY**

Settlement conferences and discussions, status conferences and the trial date to

be scheduled in the discretion of the court; with consultation of the parties.


LAW OFFICES OF CHUI KAREGA          CLARK HILL, PLC


   /s/   Chui  Karega                   /s/   William A. Moore           
BY: CHUI KAREGA (P27059)          BY: WILLIAM A. MOORE (P29780)
Attorney for Plaintiff          500 Woodward Avenue
19771 James Couzens Highway          Suite 3500
Detroit, Michigan 48235-1937          Detroit, Michigan 48226
   (313)  864-0663          (313) 965-8674
ck27059@msn.com          wmoore@clarkhill.com

-7-