UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOTA ALMANZA-LUMPKIN,

    Plaintiff,                             Case Number 18-13788

v.                                             Honorable David M. Lawson

DETROIT EDUCATIONAL
TELEVISION FOUNDATION,
d/b/a WTVS/DPTV, DETROIT
PUBLIC TELEVISION, and
CHANNEL 56,

    Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and the stipulation of the parties, the following is **ORDERED**.

1.    Scope.   All documents or other materials produced or adduced in the course of discovery, responses to discovery requests, responses to a subpoena, deposition testimony, exhibits, and information derived directly therefrom (hereinafter, collectively "documents" or "materials") shall be subject to this Order concerning confidential information as defined below. This Order is subject to the local rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order shall apply to all parties and individuals who produce or receive any documents in this case. This order shall also equally apply to all documents and materials produced to date or to be produced at any time in the future in this matter.

2.    Confidential Documents.   The term "documents" is to be construed in the broadest possible manner. Each of the parties to this action upon whom (or which) a discovery request, including a subpoena duces tecum, has been or shall be served by any party to this action may

designate as "confidential" any documents (or discs, flash drives or other hardware or software containing electronically stored information), hereafter produced, when such materials refer or relate to, or would otherwise disclose confidential information.

    3.    Definition of Confidential Documents and Information.

        A.    The term "confidential documents, information, material or testimony" as used herein includes any: (i) proprietary, confidential, commercial, financial, research or development, trade secrets or other competitive information of the parties or their customers, suppliers or vendors; (ii) documents or information disclosed in confidence by a third party including confidential customer information; (iii) information that includes private information of persons not a party to this litigation; and (iv) personal health information.

        B.    No document or material shall be marked by a party as confidential if it is already publicly available outside of this litigation. No party shall mark a document or any material confidential unless they possess a good faith belief that the document or material is, in fact, confidential. This Order shall equally apply to all documents and materials produced to date or to be produced at any time in the future in this matter.

        C.    Any documents or materials designated by a party producing them as "confidential" shall be conspicuously marked with the legend: "Confidential subject to protective order."

    4.    Use of Confidential Documents and Materials. Documents or materials designed "confidential" shall be used by party receiving the documents/materials solely for the prosecution or defense of this action.

    5.    Receipt of Confidential Material. Any person receiving any confidential documents or material shall hold such documents and material in confidence and shall not disclose

that material to any person except persons authorized to receive the material pursuant to this Order, and shall make disclosure of such information only in compliance with this Order. Notwithstanding any other provisions, this Order does not restrict or otherwise affect the rights of the parties from using its own confidential materials for any purpose.

6. Authorized Disclosures of Confidential Information.

A. Subject to other requirements set forth in this Order, the following categories of persons may be allowed to review confidential information:

(1) Counsel for the parties and employees of counsel who have responsibility for the action.

(2) Parties. Individual parties and employees of Defendant but only to the extent counsel determines in good faith that such employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

(3) The Court and its personnel.

(4) Court reporters and recorders engaged for depositions.

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

(6) Consultants and Experts. Independent Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action.

(7) Witnesses at depositions. During their depositions non-party witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall be informed of this Protective Order prior to providing testimony at their deposition and shall not be permitted

to retain a copy of documents containing confidential information. Transcribed deposition testimony or exhibits to depositions that are designated as confidential documents or information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation).

(9) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

B. Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of confidential documents or information. Counsel shall maintain a list of persons to whom documents have been disclosed until after the final termination of the case.

7. Failure to Designate. The inadvertent failure of a party producing material to designate as "confidential" any document or other material shall not constitute, be construed as, or have the effect of a waiver of confidentiality.

8. Unauthorized Disclosure. If any material designated as "confidential" or the contents thereof is inadvertently disclosed to any person not authorized to have access thereto, the party responsible for the inadvertent disclosure shall notify in writing the party which produced the material, with a copy of the notice sent to the Court. Such notice shall be sent seven (7) days after the inadvertent disclosure is discovered, and shall identify by name, address, telephone number, and employer, each unauthorized person to whom disclosure was made, the date of such disclosure, and the surrounding circumstances.

9. Confidential Documents and Materials Marked As Exhibits. Confidential material marked as an exhibit in a deposition or other discovery document remains confidential, and may not be disclosed by the receiving party except in accordance with this order. If a party designates portions of a deposition taken in this case to be "confidential," then the transcript of that portion of the deposition may be used by the opposing party only for purposes of this lawsuit and such transcript portion, and the information contained therein, shall be treated by the opposing party as confidential pursuant to this order.

10. Use At Trial. Materials designated as "confidential" may be used at trial to the extent they are admissible. A receiving party intending to use material designated by the other party as "confidential" at trial shall notify the producing party of that intention prior to trial. Any concerns regarding the use of such materials at trial shall be raised by the party seeking protection prior to trial.

11. Filing Confidential Material With the Court.

A. Filing Under Seal. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. See E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the

movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

    B.  Notice to Designating Party. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 11.A and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph 11.A and Local Rule 5.3. If the motion is denied, the party may file the material, but not under seal.

  12.  Non-Waiver of Rights. By the entry of this Order, neither party waives any legal right or privilege under any applicable law or Court Rule including but not limited to the right to withhold documents and information on the grounds of attorney-client privilege, work product privilege or otherwise, or the right to contest the admissibility or authenticity of any document or evidence presented. In addition, this Order and the production or receipt of confidential material shall not operate as an admission that any material designated as confidential contains or reflects trade secrets or any other type of confidential information.

13. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and all persons made subject to this Order by its terms.

14. Return Of Confidential Materials. All confidential documents, information or testimony produced pursuant to this order shall be destroyed or returned to legal counsel for the disclosing party within twenty one (21) days from the conclusion of this lawsuit, whether by settlement, trial, appeal or otherwise. If destroyed, the attorney shall certify in writing to all other counsel that such documents have been destroyed and the date of destruction. All copies, as well as all summaries, memorandums and notes reflecting the contents or substance of such documents, other than attorney work-product retained by counsel, should also be delivered or destroyed, as described above.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: April 4, 2019

Stipulated to by:

s/Chui Karega
Attorney for the Plaintiff
19771 James Couzens
Detroit, MI 48235

s/William A. Moore
Attorney for the Defendants
Clark Hill
500 Woodward Avenue, Suite 3500
Detroit, MI 48226

- 8 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 4, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI